**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THOMAS JEFFREY STONE** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1657-B |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at Powledge the Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Palestine, Texas, serving convictions for the offense of robbery.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: On August 30, 1994, Stone pleaded guilty to two robbery offenses charged in Cause Nos. F-94-01147-NJ and F-94-01148-NJ. In accordance with a plea agreement he was sentenced to concurrent 25 year terms of imprisonment.[1] On January 23, 2003, he was released

---

[1] On May 2, 1994, he received a 25 year prison term in another robbery case filed in Collin County in No. 296-80216-94.

on parole. Subsequently he was arrested on a parole violator warrant and was provided with a copy of the alleged violations on October 8, 2004. *See* Application No. WR-35,976-05, denied on September 12, 2007, at 095-097. On October 14, 2004, a revocation hearing was held at the Hutchins State Jail, *Id.* at 090-94. On recommendation of the hearing officer Petitioner's parole was formally revoked on November 8, 2004. *Id.* at 089.

Stone has filed three collateral attacks on his Dallas County convictions pursuant to art. 11.07[2], Texas Code of Criminal Procedure, and two time credit disputes with the Classification and Records Division of the TDCJ. *See* Exhibit B to Respondent's answer.

**Findings and Conclusions**: In his answer to the petition Respondent contends that merits review and the relief sought are barred by the one-year limitation period. It is established law in this circuit that the limitation provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), to wit: 28 U.S.C. § 2244(d)(1) apply to petitions attacking the computation of terms of imprisonment under § 2241 as they do to petitions filed pursuant to § 2254 attacking the legality of state court convictions. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002).

An examination of Stone's grounds for relief reflects that all of his grounds for relief are predicated on matters and facts alleged to have occurred prior to or in the course of the revocation hearing on October 14, 2004. Since none of the alleged underlying facts occurred until long after the robbery convictions had become final, § 2241 (d)(1)(D) informs the date on which the one-year period of limitation began to run in his case, to wit: "the date on which the factual predicate of the

---

[2]*See* WR-35,976-01, denied November 26, 1997, attacking his convictions in both Dallas County cases; WR-35,976-05, denied September 12, 2007, attacking his conviction in F-94-01147-NJ; and WR-35,976-06, denied September 12, 2007, attacking his conviction in F-94-01148-NJ.

... claims presented could have been discovered through the exercise of due diligence." In the present case the one-year period commenced *no later than* March 22, 2005.[3]

As disclosed by the state court records the two art. 11.07 applications which present the same issues raised in the present petition were not filed in the convicting court until July 31, 2006. *See* No. WR-35,976-05 at 002 and No. WR-35,976-06 at 002. Because each was filed months after the one-year period expired, merits review of the petition is barred by limitations absent application of equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). In his response to the court's show cause order which was filed on November 1, 2007. Stone did not present any exceptional or extraordinary circumstances warranting application of the doctrine of equitable tolling. *See e.g. Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). Rather he claimed that the limitation period was tolled by the filing of time credit disputes.

Records from Stone's time-credit disputes initiated after he was confined following revocation of his parole are included as exhibits to Respondent's answer. His initial complaint dated April 27, 2005, which was denied on February 23, 2006, related solely to good time and street time which he accumulated before his parole was revoked. His second complaint relates to his conviction out of Collin County in No. 296-80216-94. *See* No. WR-976-02 at 77. It likewise relates to a failure of the TDCJ to give him credit for good time and street time.

Although it may be appropriate to find that the limitation period is tolled while a time computation dispute is pending when the issues in a § 2254 petition relate to prison disciplinary

---

[3]Although it is not entirely clear when Stone actually received a letter from Linda Garcia informing that his motion to re-open the Board of Pardons and Paroles' revocation of his parole, *See* Exhibit 3 attached to the petition, it is clear that Stone was aware of the board's refusal no later than March 21, 2005, when he sent his letter attached as Exhibit 15 to the petition.

actions or when an inmate's protected liberty interests have a material bearing on his continued incarceration, there is no basis for tolling the one-year period in the present § 2254 petition where the issues pertain to a parole revocation which can be challenged in a habeas application without resort to Texas Government Code § 501.0081, *See Ex Parte Evans*, 964 S.W.2d 643, 647 (Tex.Crim.App. 1998) (citing *Board of Pardons and Paroles ex rel Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995) and *Ex Parte Woodward*, 619 S.W.2d 179 (Tex.Crim.App. 1981), and which the TDCJ Classification and Records Office has no jurisdiction to address.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed, the same being barred by limitations.

It is further recommended that Stone's motion for appointment of counsel and his motion for an evidentiary hearing be denied, as each is moot.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent

SIGNED this 26th day of June, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.